**Rene TELLIER, Plaintiff–Appellee,**

v.

**Willie SCOTT, Susan Gerlinski, Glenn Trammel, Jesse James and John Gibson, Asst. Captain, Defendants–Appellants,**

**Mr. Parish and Sharon Fields, Defendants.**

**No. 04–1139–PR.**

United States Court of Appeals, Second Circuit.

May 11, 2005.

Edward Scarvalone, Assistant United States Attorney (David N. Kelley, United States Attorney for the Southern District of New York, Sara L. Shudofsky, Assistant United States Attorney, on the brief) New York, NY, for Appellants.

Jared Winnick (Glenn Kopp, Michael Benwitt, on the brief) Davis Polk & Wardwell, New York, NY, for Appellee.

Present: KEARSE, JACOBS, and STRAUB, Circuit Judges.

*SUMMARY ORDER*

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the appeal be **DISMISSED** for lack of appellate jurisdiction.

Plaintiff Rene Tellier was an inmate confined to the Special Housing Unit ("SHU") at the New York Metropolitan Correctional Center ("MCC") for approximately one and a half years (from November 1992 through April 1994 and again from August 1994 through December 1994). Alleging that he was thus confined without due process and in violation of a Bureau of Prisons regulation, Tellier brought this *Bivens* action against various BOP officials. Defendants-appellants bring this interlocutory appeal from an order of the United States District Court for the Southern District of New York (Wood, *J.*), denying their motion for summary judgment on the ground of qualified immunity, *Tellier v. Scott*, 94 Civ 3459(KMW)(JCF), 2004 WL 224499, 2004 U.S. Dist. LEXIS 1493 (S.D.N.Y. Feb. 5, 2004). Familiarity is assumed as to the facts, the procedural context, and the specification of appellate issues.

Although "ordinarily, an appeal lies only from a final judgment of a district court, .... [a] denial by a district court of a claim of qualified immunity—to the extent that it turns on an issue of law—is a collateral order subject to immediate appeal." *Locurto v. Safir*, 264 F.3d 154, 162 (2d Cir.2001) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 530, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985)). However, appellate jurisdiction is lacking where the parties dispute material facts, or the defendants fail to make the "hypothetical assumption," for purposes of their appeal, "that they engaged in the conduct that [plaintiff] alleges." *Tolbert v. Queens College*, 164 F.3d 132, 139 (2d Cir.1999).

Qualified immunity insulates: (1) conduct that did not violate a clearly established constitutional right; *or* (2) conduct that did but it was objectively reasonable for the official to believe that it did not. *Tellier v. Fields*, 280 F.3d 69, 84 (2d Cir. 2000) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982); *Russell v. Coughlin*, 910 F.2d 75, 78 (2d Cir.1990)). This Court previously considered "the state of the law as it existed between 1992 and 1994, when the events in question allegedly occurred," and whether the "contours of the right" had been defined by the Supreme Court or this Court "with reasonable specificity." *Tellier*, 280 F.3d at 84. Noting that Tellier alleged "a confinement of 514 days under conditions that differ[ed] markedly from those in the general population," *id.* at 80, and that "our decision in *Wright v. Smith* reaffirm[ed] that as early as 1983, 'prison officials [could not] doubt that they have acted unconstitutionally where confinement ... continued, without a hearing, for 67 days[,]' 21 F.3d 496, 500 (2d Cir.1994) (citing cases)," *Tellier*, 280 F.3d at 84, we concluded in *Tellier* that Tellier had a clearly established right, at the time of the events at issue here, not to be so confined for such a duration, *see* 280 F.3d at 81, 84–85.

Defendants-appellants have not met the burden of showing that no material issue of fact exists as to the objective reasonableness of their conduct. For example, *Hewitt v. Helms* requires that the inmate receive "some notice" of the reasons for his detention. 459 U.S. 460, 476–77, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983). Tellier claims that he received no notice at all. Even if defendants-appellants had reason to believe that Tellier was given the notice they cite, the district court identified as a fact issue whether the notice itself gave a sufficiently useful statement of reasons. We need not consider other possible mate-

rial issues of fact. On that basis alone, we lack jurisdiction to consider defendants-appellants' appeal. *See Locurto,* 264 F.3d at 162–63 (2d Cir.2001).

For the reasons set forth above, defendants-appellants' appeal is **DISMISSED** for lack of appellate jurisdiction.