**Yusuf Abdur RAHMAN, Plaintiff,**

v.

**S. WINGATE (Corr. Officer), et al., Defendants.**

**No. 10 Civ. 3903 (VM).**

United States District Court, S.D. New York.

Aug. 5, 2010.

Yusuf Abdur Rahman, Brooklyn, NY, pro se.

### DECISION AND ORDER

VICTOR MARRERO, District Judge.

*Pro se* petitioner Yusuf Abdur Rahman ("Rahman"), currently incarcerated at the Metropolitan Detention Center ("MDC"), a federal facility in Brooklyn, New York, brings this habeas corpus petition, pursuant to 28 U.S.C. § 2241, to restore good time credit and expunge his record of a period of confinement in administrative segregation from October 8, 2009, to November 17, 2009. Rahman's petition alleges that he was subjected to this segregation while confined at the Metropolitan Correctional Center ("MCC"), a federal facility in Manhattan.

### I. ANALYSIS

The instant filing, received by the Court's Pro Se Office on July 1, 2010, is captioned an Amended Petition, and follows an Order issued by Chief Judge Preska on May 12, 2010. In that Order, Chief Judge Preska reviewed a prior petition filed by Rahman on November 2, 2009, and directed him to file, within sixty days, an amended petition that (1) demonstrated he had exhausted administrative remedies, and (2) set forth relevant facts and dates forming the basis for his petition. *See* 28 U.S.C. § 1915(e)(2).

After reviewing Rahman's Amended Petition, the Court is not persuaded that Rahman has complied with Chief Judge Preska's order. First, regarding exhaustion, Rahman indicates that since the segregation occurred at the MCC in Manhattan and he is currently incarcerated at the MDC in Brooklyn, he can no longer lodge an administrative complaint. Despite this, Rahman has submitted some evidence that administrative remedies are available to him. Specifically, his Amended Petition attaches an "Inmate Request To Staff" that relates to his placement in administrative segregation. This document was completed by Rahman and dated October 15, 2009. This submission persuades the Court that administrative relief was not foreclosed to Rahman and that he must comply with the Administrative Remedy Program specified in 28 C.F.R. §§ 542.10–542.19 and cited in Chief Judge Preska's Order.

Even assuming that Rahman had properly exhausted his administrative remedies, the Court, reading Rahman's Amended Petition liberally, cannot find that he has sufficiently pled any facts entitling him to relief. "It is well established the loss of good time credit as punishment for prison disciplinary offenses implicates a liberty interest protected by the Fourteenth Amendment." *Homen v. Hasty,* 229 F.Supp.2d 290, 295 (S.D.N.Y.2002) (*citing Wolff v. McDonnell,* 418 U.S. 539, 558, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974)). However,

[a] disciplinary hearing that results in a revocation of a prisoner's good time credit satisfies the due process requirements of the Fourteenth Amendment if: (1) the prisoner is provided written notice of the disciplinary charges at least twenty-four hours in advance of the hearing; (2) a neutral and detached hearing body conducts the hearing; (3) the prisoner is afforded an opportunity to present evidence and call witnesses as long as the presentation of evidence is not unduly hazardous to institutional safety or correctional goals; (4) the pris-

oner is granted assistance, if necessary, to understand and prepare a defense; and (5) the factfinder provides a written statement of the evidence relied upon in making its decision and the reasons for the decision.

*Id.* (citations omitted); *see also* 28 C.F.R. § 541.17 (setting forth procedures before Discipline Hearing Officer).

■ Nothing in Rahman's petition suggests that any of these procedural safeguards were violated by the imposition of Rahman's confinement in administrative segregation. Though Rahman has alleged two violations of Bureau of Prison regulations—specifically, that he was not given a relevant incident report within twenty-four hours of the incident and that his punishment for the incident was not rendered within three weekdays, *see* 28 C.F.R. § 541.11—these violations standing alone, even if true, do not rise to the level of a constitutional deprivation. *See Tellier v. Scott,* 95 Civ. 3459, 2004 WL 224499, *4–*6 (S.D.N.Y. Feb. 5, 2004), *appeal dismissed,* 130 Fed.Appx. 504 (2d Cir.2005); *see also Homen,* 229 F.Supp.2d at 296 (noting that no regulation requires "serv[ing] a prisoner with an incident report within a specific number of days following the alleged incident.") (*citing* 28 C.F.R. § 541.14); 28 C.F.R. § 541.14(b)(2) ("The investigating officer (Bureau of Prisons) shall give the inmate a copy of the Incident Report at the beginning of the investigation, unless there is good cause for delivery at a later date . . . .").

Finally, the Court notes that Rahman's petition may not yet be ripe for review. Rahman's confinement at the MDC suggests that he may be a pre-trial detainee and thus any credit for good time is not yet applicable to him. In the event that Rahman resolves any pending criminal charges without a sentence of imprisonment, the good-time-credit issue would be-come moot. If he is ultimately sentenced to a term of imprisonment subject to credit for good time, the issues raised in the instant petition, assuming the other deficiencies described above are cured, may then become ripe. *See Texas v. United States,* 523 U.S. 296, 300, 118 S.Ct. 1257, 140 L.Ed.2d 406 (1998) ("A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.") (internal citations and quotation marks omitted).

Given the above, if Rahman wishes to refile this petition, he should do so only after properly exhausting administrative remedies. Then he should file with the Court a Second Amended Petition that includes: (1) facts and documents showing he has exhausted his administrative remedies (or specific facts and documents showing why exhaustion would be futile), (2) the facts surrounding the imposition of his confinement in administrative segregation that would constitute a due process violation, and (3) his exact status either as a pre-trial detainee or prisoner serving a term of imprisonment.

## II. *ORDER*

Accordingly, it is hereby

**ORDERED** that the Amended Petition (Docket No. 4) of Yusuf Abdur Rahman is dismissed without prejudice.

**SO ORDERED.**